UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RYAN L. HUGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00527-JPH-DLP |
| | ) | |
| JOHN PLASSE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Ryan Hughley is an inmate at the Vigo County Jail ("the Jail"). Because Mr. Hughley is a "prisoner," the Court must screen his complaint, dkt. 1. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Hughley's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

## II. The Complaint

Mr. Hughley asserts claims for damages and injunctive relief against two defendants: Sheriff John Plasse, and the Vigo County Sheriff's Department. He has been confined at the Jail since November 2019. The complaint does not clarify whether Mr. Hughley has served that time as a pretrial detainee or a convicted prisoner.

Mr. Hughley alleges that he has been confined with 40 other inmates in a unit designed to hold 22 people. He has been required to sleep on a mat on the floor. There is mold and leaks in the shower area. Inmates are not provided adequate supplies to clean their unit. Inmates never receive clean clothing more than once per week, and they have no place to hang towels or laundry.

## III. Discussion of Claims

The action **shall proceed** with claims against Sheriff Plasse based on allegations that Mr. Hughley has been confined under conditions that violate his constitutional rights as either a pretrial detainee (pursuant to the Fourteenth Amendment) or a prisoner (pursuant to the Eighth Amendment). These claims shall be for **injunctive relief only** and shall proceed against Sheriff Plasse in his **official capacity only**.

Claims for damages against Sheriff Plasse are **dismissed** for **failure to state a claim** upon which relief may be granted**.** "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). No allegation in the complaint describes any action by Sheriff Plasse or suggests he was personally involved in creating or perpetuating the conditions of which Mr. Hughley complains. To the contrary, the complaint suggests that Sheriff Plasse should be liable only in a supervisory capacity.

All claims against the Vigo County Sheriff's Department are also **dismissed**. To the extent Mr. Hughley asserts a damages claim against the Department, it **fails to state a claim** because the Department is not a "person" who can be sued under Section 1983. *See* 42 U.S.C. § 1983 (permitting suits for damages against "[e]very *person*" who acts under color of state law and causes a violation of constitutional rights). And, to the extent Mr. Hughley asserts a claim for injunctive relief against the department, it is **duplicative** of the claim proceeding against the Sheriff in his official capacity.

## IV. Conclusion

As discussed in Part III, the action **shall proceed** with conditions-of-confinement claims for injunctive relief against Sheriff Plasse in his official capacity. All other claims are **dismissed**. The **clerk is directed** to terminate the Vigo County Sheriff's Department as a party on the docket.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendant, Sheriff John Plasse, in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The claims discussed in Part III are the only claims identified by the Court. If Mr. Hughley believes he asserted additional claims not addressed by the Court, he shall have **through February 19, 2021**, to notify the Court.

**SO ORDERED.**

Date: 1/22/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RYAN L. HUGHLEY
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807

Sheriff John Plasse
201 Cherry St.
Terre Haute, IN 47807